IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RICHARD K. COOK, | |
|---|---|
| Petitioner, | 8:18CV332 |
| vs. | |
| BRAD HANSEN, Warden - TSCI; SCOTT FRAKES, Director - Nebraska; and DEPARTMENT OF CORRECTIONAL SERVICES, | MEMORANDUM AND ORDER |
| Respondents. | |

This matter is before the court on Petitioner's Motion to Appoint Counsel (filing no. 5) and Motion for Stay and Abeyance (filing no. 8).

## I. MOTION TO APPOINT COUNSEL

Petitioner asks the court to appoint counsel "due to the complex nature of the instant case." (Filing No. 5.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

## II. MOTION FOR STAY AND ABEYANCE

Petitioner requests that the court enter a stay and abeyance of these habeas proceedings so that he may return to state court to file a successive postconviction action to ensure exhaustion of "any potentially unexhausted claims." ([Filing No. 8 at CM/ECF p. 2](#).) A stay and abeyance of a federal habeas corpus petition is only appropriate in "limited circumstances." *[Rhines v. Weber](#)*, 544 U.S. 269, 277 (2005). A court may order a stay and abeyance only when there is good cause for the petitioner's failure to exhaust his claims in state court, the claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *[Id.](#)* at 277–278.

Here, Petitioner argues that there are "potentially unexhausted claims" due to his state court-appointed postconviction counsel's failure to properly assign and argue 27 out of 28 issues on the interlocutory postconviction appeal and 5 out of 7 issues on the final postconviction appeal. However, under Nebraska law, it is highly unlikely that Petitioner may now return to state court in order to present these claims. *See [State v. Ortiz](#)*, 670 N.W.2d 788, 792 (Neb. 2003) ("An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. Additionally, the Nebraska Postconviction Act states in part: 'The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner.'") (internal citations omitted). Therefore, his claims are likely procedurally defaulted, not merely unexhausted.

In any event, Petitioner only alleges that his claims are "potentially unexhausted." The court will not grant a stay of this matter based solely on Petitioner's statement that he hopes to file a subsequent postconviction action in order to exhaust claims that may or may not be exhausted already, particularly

2

where it appears from his allegations that a return to state court would be futile. Therefore, Petitioner's motion for a stay will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that Petitioner's Motion to Appoint Counsel ([filing no. 5](#)) and Motion for Stay and Abeyance ([filing no. 8](#)) are denied without prejudice to reassertion.

Dated this 28th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge